IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ERIC WADE AND YVETTE TOY**                                                           **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.: 4:23-CV-00111-MPM-JMV**

**CITY OF GREENVILLE POLICE DEPARTMENT**                                    **DEFENDANT**

**DEFENDANT CITY OF GREENVILLE POLICE DEPARTMENT'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant the City of Greenville Police Department ("the GPD") submits this Memorandum in Support of Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

The events giving rise to this lawsuit are largely documented in incident reports prepared by three officers of the Greenville Police Department, all of which Plaintiffs have attached to their Complaint.[1] According to the incident reports, Sergeant Chris Surf and Officer Jay Burden responded to a report of a disturbance near Plaintiff Eric Wade's home on September 14, 2022.[2] Wade had been complaining that a truck connected to a utility trailer across the street from his home was illegally parked.[3] The truck was owned by the landlord of Officer Shardae Jung.[4] Officer Jung lived across the street from Wade and was present on the scene during this encounter with Wade.[5]

---

[1] Doc. 5-3, at 2-4.
[2] *Id.* at 2-4.
[3] *Id.* at 2-4.
[4] *Id.* at 3.
[5] *Id.*

When Surf and Burden arrived on the scene, Sergeant Surf advised Wade that the vehicle was in legal parking position because it was not blocking the street.[6] Wade became "irate" after learning that no crime had been committed.[7] As the officers were clearing the scene, Officer Jung's brother, Jarvis Jung, arrived on the scene in a gray vehicle and jumped out of the vehicle to fight Wade.[8] Jarvis Jung struck Wade several times before Officer Burden separated them and placed Jarvis under arrest.[9]

While Jarvis Jung was in handcuffs, he spit in Plaintiff Yvette Toy's face.[10] Afterwards, Wade attempted to attack Jarvis Jung with a wooden stick.[11] Officer Jung and Sergeant Surf intervened by pulling their tasers out and ordering Wade to get on the ground and put his hands behind his back.[12] Wade complied with the officers' command and was temporarily placed in handcuffs.[13] Importantly, the officers did not tase or use any other force against Wade during this incident. Sergeant Surf also placed Officer Jung's mother, Monica Norman, in handcuffs to separate the parties and to allow everyone to "cool down."[14] Jarvis Jung was charged with simple assault under Mississippi Code § 97-3-7(1)(a)(i).[15] After the incident, Plaintiffs came to the Greenville Police Department to file criminal charges.[16] When they arrived at the police station, officers discovered that Toy had an outstanding arrest warrant for domestic violence and arrested her.[17]

---

[6] *Id.* at 2-4.
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the central question is whether the complaint includes claims that provide a plausible basis for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007). This question is answered by comparing the legal claims that have been identified in the complaint with the factual allegations offered in support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts may consider the complaint, documents attached to the complaint, documents central to the claims that are referenced in the complaint, and matters of public record, such as documents filed in state court. *See, e.g., Joseph v. Bach & Wasserman, LLC*, 487 Fed. App'x 173, 178 n.2 (5th Cir. 2012). Merely reciting the elements of a cause of action, or making conclusory factual or legal assertions, are insufficient to defeat a motion to dismiss. *See, e.g., Jordan v. Flexton*, 729 Fed. App'x 282, 284 (5th Cir. 2018). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion).

**ARGUMENTS AND AUTHORITIES**

Plaintiffs vaguely allege that the GPD violated their rights by using unlawful physical force and filing "false charges," both of which implicate the Fourth Amendment of the United States Constitution.[18] But the lawsuit is a non-starter because the police department is not a proper party. *See Gonsoulin v. Freeman*, 2012 WL 70622, *2 (S.D. Miss. 2012) (collecting cases).[19]

Nonetheless, even if Plaintiffs had sued the GPD itself, the lawsuit fails as a matter of law because Plaintiffs have failed to plead a plausible constitutional violation, much less the required official policy or custom components of asserting constitutional claims. *See Monell v. Dept. of*

---

[18] *Id.*

[19] In paragraph two of the complaint, Plaintiffs also reference Police Chief Marcus Turner. Turner, however, appears to be nothing more than who Plaintiffs see as a representative of the GPD, as he is not alleged to have been involved in the events Plaintiffs complain about.

3

*Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Further, to the extent any of Plaintiffs' claims could be construed as state law claims, those claims are barred by the Mississippi Tort Claims Act because (1) Plaintiffs failed to provide pre-suit notice of their claims as required by Mississippi Code § 11-46-11 and (2) there is nonetheless immunity.

### Federal Law

The governing legal standards for Plaintiffs' federal claims are well-settled. Actions against municipalities are analyzed under a framework that requires a plaintiff to show both (1) that a violation of the Constitution occurred and (2) that a governmental policy or custom was the moving force behind the violation. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). The analytical path towards dismissal is addressed in turn.

*No Constitutional Violation.* The Complaint contains no plausible allegation that the GPD violated their constitutional rights. The incident reports, attached as exhibits to Plaintiffs' Complaint, make clear that the officers did not utilize any force against either of the Plaintiffs, much less unlawful force. Instead, when Wade approached Jung with a wooden stick, the officers simply instructed him to get on the ground and placed him in handcuffs to allow the parties to "cool down."[20] Further, Plaintiffs' Fourth Amendment false arrest claim fails because the GPD had probable cause to arrest Toy when she came to the Greenville Police Department because she had an outstanding warrant for domestic abuse.[21]

*No Municipal Policy or Custom.* Even if Plaintiffs could establish a constitutional violation (which they cannot), they have nonetheless failed to establish that the alleged deprivation of their constitutional rights resulted from an official policy, custom, or practice of the GPD. *See Monell*, 436 U.S. at 690-91. Failure to demonstrate a constitutional violation likewise defeats

---

[20] *Id.*
[21] *Id.*

Plaintiffs' claims against the GPD, but there is no municipal policy or custom for which the GPD could be liable anyway. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) ("Without an underlying constitutional violation, an essential element of municipal liability is missing."). To be sure, even if Plaintiffs could demonstrate a constitutional violation, that still would not be enough to prevent the GPD's dismissal, since municipalities are not vicariously responsible for the actions or inactions of their employees. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). There instead must be "something more" to impose liability on the municipality, *i.e.* a demonstration that the constitutional violation occurred because of a municipal policy or custom. *Id.*

"An 'official policy' for § 1983 purposes may be either a written policy or 'persistent widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)); *see also Richardson v. Oldham*, 12 F.3d 1373, 1381-82 (5th Cir. 1994) (stating that the Fifth Circuit has stated "that a municipal policy may be established by a persistent pattern of conduct as well as by a formal legal declaration"). Plaintiffs' Complaint contains no such allegation.

Not only are Plaintiffs' constitutional claims deficient due to Plaintiffs' failure to plead an official policy or custom of the GPD, but the Complaint also fails to plead the required element of attribution. *See* 286 F.3d at 263. Because the Complaint lacks any plausible allegation that the GPD violated Plaintiffs' constitutional rights pursuant to an official policy, custom, or practice of the GPD, the Court should dismiss Plaintiffs' federal claims against the GPD with prejudice. *Monell*, 36 U.S. at 690-91.

**State Law**

To the extent the Court construes any of Plaintiffs' claims as state law claims, the MTCA prescribes the "exclusive remedy" for state law claims against governmental entities. Miss. Code § 11-46-7. Along those lines, the MTCA requires dismissal of Plaintiffs' state law claims because (1) Plaintiffs failed to provide the requisite pre-suit notice of their claims as set forth in Mississippi Code § 11-46-11 and (2) there is immunity under the MTCA.

***Failure to Provide Pre-Suit Notice.*** The MTCA requires plaintiffs who have exhausted all internal procedures for asserting rights against governmental entities to "file a notice of claim with the chief executive officer of the governmental entity" at least 90 days before filing suit. Miss. Code Ann. § 11-46-11 (2019). The pre-suit notice mandate requires strict compliance, regardless of Plaintiffs' reason for failing to provide the notice. *See, e.g.*, *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 91-92 (Miss. 2010) ("If a complainant is and remains noncompliant with that mandatory provision, the lawsuit must be dismissed."); *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 818 (Miss. 2006) (overruling lower court's denial of hospital's summary judgment motion in medical malpractice action because plaintiff failed to comply with the MTCA's pre-suit notice requirement); *see also Jones*, 264 So.3d at 27 (¶ 54) (Miss. Ct. App. 2018) (citing *Price v. Clark*, 21 So.3d 509, 518 (¶ 16) (Miss. Ct. App. 2009)). "The Legislature's statutory use of the term 'shall' connotes a mandatory requirement." *Howe*, 49 So. 3d at 92. Here, Plaintiffs failed to provide the GPD with formal notice of their intention to file suit. Plaintiffs' failure to provide pre-suit notice, in itself, requires dismissal of their state law claims.

***Sovereign Immunity.*** Plaintiffs' claims for false arrest, assault, and battery fail as a matter of law because the GPD is immune from such claims, in that each claim falls outside the course and scope of an officer's employment. Miss. Code § 11-46-5(2) (emphasis added); *see also* Miss.

6

Code § 11-46-7(2); *Ellis v. Lowndes Cnty.*, No. 1:16-cv-177-DMB-DAS, 2017 WL 6045440, at *12 (N.D. Miss. Dec. 6, 2017) (dismissing false arrest claim against county pursuant to the MTCA because "malice is an essential element of false arrest."); *McBroom v. Payne*, No. 1:06-cv-1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (holding that state law claims of assault and battery cannot be considered to fall within the "course and scope of employment" under the MTCA); *McPhail v. City of Jackson*, 2014 WL 2819026, at *9 (S.D. Miss. June 23, 2014) (city was entitled to MTCA immunity on assault and battery claims).

***Police Protection Exemption.*** Under Mississippi Code § 11-46-9(1)(c), there is immunity "[a]rising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *See Hancock v. City of Greenwood*, Miss., 942 F. Supp. 2d 624 (N.D. Miss. 2013) (citing *Chapman v. City of Quitman*, 954 So. 2d 468, 474 (Miss. Ct. App. 2007)). This exemption applies here for two separate reasons: (1) Plaintiffs were engaged in criminal conduct and (2) the officers' conduct does not amount to "reckless disregard."

Plaintiffs cannot dispute that Toy was engaged in criminal activity at the time of her arrest because she had an outstanding warrant for domestic violence.[22] What is more is that, even "in the absence of criminal activity on the part of the victim, the police protection exemption *still* applies unless the act or omission complained of evinces a 'reckless disregard of the safety and well-being' of others[.]" *Chapman*, 954 So. 2d at 474 (emphasis original). "In the context of section 11-46-9(1)(c), 'reckless disregard' encompasses willful and wanton action." *Titus v. Williams*, 844 So. 2d 459, 468 (Miss. 2003) (citation omitted). The Mississippi Supreme Court

---

[22] Doc. 5-3, at 3.

PD.42389698.1

has held that reckless disregard presents a question of law. *See City of Vicksburg v. Williams*, 294 So. 3d 599, 602 (Miss. 2020) (reversing trial court's reckless disregard finding, reasoning "[w]hile the circuit court described the officers' actions as reckless disregard, the record does not support such a finding."). Relatedly, the Mississippi Supreme Court also has found that, by imposing a reckless disregard standard, "the Legislature set an extremely high bar for plaintiffs" to meet. *City of Jackson v. Presley*, 40 So. 3d 520, 523 (Miss. 2010) (emphasis added). In fact, the standard is even more exacting than the gross negligence standard. *See Collins v. Tallahatchie Cnty.*, 876 So. 2d 284, 287 (Miss. 2004) ("Reckless disregard is a higher standard than gross negligence and 'embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'") (quoting *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999)).

There simply is no plausible allegation that the officers acted in a manner amounting to a willful intent to harm Plaintiffs. Further, to be clear, the very existence of probable cause to support Toy's arrest is dispositive proof that the officers did not act with reckless disregard in arresting Toy. *See, e.g., Bryant ex rel. Bryant v. City of Ripley, Miss.*, Civ. A. No. 3:12-CV-37-B-A, 2015 WL 686032, at *7 (N.D. Miss. Feb. 18, 2005) ("When a police officer has probable cause to arrest…no reasonable juror can conclude that the officer acted with reckless disregard…"); *see also Mitchell v. City of Jackson, Miss.*, 481 F. Supp. 2d 586, 593 (S.D. Miss. 2006) (dismissing state law false arrest claim against city and individual officers because the arrest was supported by probable cause, which foreclosed any question as to whether the officers acted with reckless disregard as required to circumvent the MTCA)). Accordingly, to the extent the Court construes any of Plaintiffs' claims as state law claims for false arrest,[23] assault, and battery, those claims fall squarely within the gamut of the MTCA's police-protection exemption and fail as a matter of law.

---

[23] Even if Plaintiffs could get around the GPD's immunity from suit under the MTCA (which they cannot), their state law false arrest claim still fails on similar grounds. To assert a false arrest claim under Mississippi law,

8

**CONCLUSION**

For all of these reasons, this Court should grant the GPD's Motion and dismiss each of Plaintiffs' claims with prejudice.

Dated: June 23, 2023.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

BY:   */s/ Marcellus D. Chamberlain*
       G. Todd Butler (MB # 102907)
       Marcellus D. Chamberlain (MB # 105672)
       PHELPS DUNBAR, LLP
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Telephone: (601) 352-2300
       Email: butlert@phelps.com
       marcellus.chamberlain@phelps.com

       ***ATTORNEYS FOR DEFENDANT CITY OF GREENVILLE POLICE DEPARTMENT***

---

Plaintiffs must prove "that the defendant[s] caused [Toy] to be arrested falsely, unlawfully, maliciously, and <u>without probable cause</u>." *Hudson v. Palmer*, 977 So. 2d 369, 382 (Miss. Ct. App. 2007) (emphasis added) (internal citation omitted)). Here, Toy was arrested for an outstanding warrant on a domestic violence charge, which constitutes probable cause.

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2023, I filed the foregoing *MEMORANDUM IN SUPPORT OF MOTION TO DISMISS* and provided notice to the following:

  Eric Wade
  Yvette Toy
  1430 Irby Street
  Greenville, MS  38701

  *PRO SE PLAINTIFFS*

SO CERTIFIED, this the 23rd day of June, 2023.

                          */s/ Marcellus D. Chamberlain*
                          MARCELLUS D. CHAMBERLAIN

PD.42389698.1