IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ERIC WADE AND YVETTE TOY**                                **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.: 4:23-CV-00111-MPM-JMV**

**CITY OF GREENVILLE POLICE
DEPARTMENT**                                 **DEFENDANT**

**ORDER**

This cause comes before the court on its own motion, directing that defendant City of Greenville Police Department show cause as to why this case should not be remanded to state court. On May 2, 2023, the *pro se* plaintiffs filed this action in the Circuit Court of Washington County, seeking recovery arising out of a September 14, 2022 arrest. The entirety of the allegations in plaintiffs' state court complaint are that:

> I, Eric Wade and Yvette Toy are suing the Greenville Police Department for misconduct, assault and battery and false charges and violating our rights on September 14, 2022.

[Complaint at 1]. Clearly, there is no reference to either the U.S. Constitution or 42 U.S.C. § 1983 in this complaint, but, in spite of this fact, defendant removed this case on the basis of federal question jurisdiction. In doing so, the removal petition asserted that "[t]he Complaint alleges violations of Plaintiffs' rights, including unlawful physical force and 'false charges,' which presumably are intended to implicate the Fourth Amendment of the U.S. Constitution." [Removal petition at 1].

It is well settled that a "plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the

1

plaintiff's well-pleaded complaint. *Id.* Accordingly, "there is no federal [question] jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir.2008) (quoting *Bernhard*, 523 F.3d at 551).

In light of this authority, this court has serious doubts as to whether defendant is entitled to simply "presume" that a complaint which plaintiffs chose to file in state court and which makes no reference to the U.S. Constitution or federal law properly gives rise to federal question jurisdiction. This court notes that, as clearly inexperienced *pro so* litigants, plaintiffs may simply lack the resources to litigate this case in Oxford and may prefer to seek relief in their local courthouse under state law. Regardless of whether this is the case, this court doubts that defendant is entitled to "presume" federal jurisdiction under the circumstances of this case, and it orders it to provide authority supporting its right to do so. Barring such authority, this case will be remanded to state court.

In light of the foregoing, it is ordered that defendant shall have fourteen (14) days from the entry of this order to show cause as to why this case should not be remanded to state court. Given the jurisdictional doubts which exist in this case, this court will dismiss the motion to dismiss [6-1] filed by defendant without prejudice to its refiling in the event that this case remains in federal court.

This, the 12th day of October, 2023.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI