**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ERIC WADE AND YVETTE TOY**                                          **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.: 4:23-CV-00111-MPM-JMV**

**CITY OF GREENVILLE POLICE
DEPARTMENT**                                                          **DEFENDANT**

**ORDER**

This cause comes before the court on its own motion, remanding this case to the Circuit

Court of Washington County.  On October 12, 2023, this court issued a show cause order

directing defendant to demonstrate why this case should not be remanded due to lack of federal

question jurisdiction.  In that order, this court wrote as follows:

On May 2, 2023, the *pro se* plaintiffs filed this action in the Circuit Court of Washington
County, seeking recovery arising out of a September 14, 2022 arrest.  The entirety of the
allegations in plaintiffs' state court complaint are that:
> I, Eric Wade and Yvette Toy are suing the Greenville Police Department for
> misconduct, assault and battery and false charges and violating our rights on
> September 14, 2022.

[Complaint at 1].  Clearly, there is no reference to either the U.S. Constitution or 42
U.S.C. § 1983 in this complaint, but, in spite of this fact, defendant removed this case on
the basis of federal question jurisdiction.  In doing so, the removal petition asserted that
"[t]he Complaint alleges violations of Plaintiffs' rights, including unlawful physical force
and 'false charges,' which presumably are intended to implicate the Fourth Amendment
of the U.S. Constitution."  [Removal petition at 1].

It is well settled that a "plaintiff is the master of his complaint and may allege
only state law causes of action, even when federal remedies might also exist." *Bernhard
v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the well-pleaded
complaint rule, a federal court does not have federal question jurisdiction unless a federal
question appears on the face of the plaintiff's well-pleaded complaint. *Id.* Accordingly,
"there is no federal [question] jurisdiction if the plaintiff properly pleads only a state law
cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir.2008) (quoting
*Bernhard*, 523 F.3d at 551).

In light of this authority, this court has serious doubts as to whether defendant is
entitled to simply "presume" that a complaint which plaintiffs chose to file in state court
and which makes no reference to the U.S. Constitution or federal law properly gives rise
to federal question jurisdiction.  This court notes that, as clearly inexperienced *pro so*

litigants, plaintiffs may simply lack the resources to litigate this case in Oxford and may prefer to seek relief in their local courthouse under state law. Regardless of whether this is the case, this court doubts that defendant is entitled to "presume" federal jurisdiction under the circumstances of this case, and it orders it to provide authority supporting its right to do so. Barring such authority, this case will be remanded to state court.

In light of the foregoing, it is ordered that defendant shall have fourteen (14) days from the entry of this order to show cause as to why this case should not be remanded to state court. Given the jurisdictional doubts which exist in this case, this court will dismiss the motion to dismiss [6-1] filed by defendant without prejudice to its refiling in the event that this case remains in federal court.

[Order at 1-2].

In response to this show cause order, defendant argues that:

It is indeed settled that a plaintiff is "master" of his lawsuit and may limit his complaint to state claims even when related federal claims are available. See Order at Doc. No. 12 (citing Fifth Circuit precedent). But there is a corollary principle that "a plaintiff cannot defeat removal of a federal claim by disguising or 'artfully pleading' a federal cause of action as a state claim." *Perkins v. Alamo Heights Indep. Sch. Dist*., 204 F. Supp.2d 991, 996 (W.D. Tex. 2002). The complaint in this case created tension between these concepts by vaguely alleging a "violation of rights," without specifying whether it sought federal or state law relief. *See* Doc. No. 3. While GPD appreciates the pro se nature of the pleading, it stood to lose its statutory right to a federal forum if it did not remove the case timely. *See* 28 U.S.C. § 1446(b)(1). The Fifth Circuit has been clear on the importance of protecting that right: "[T]he Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *See Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (cleaned up; quoting WRIGHT & MILLER).

GPD's presumption that Plaintiffs seek federal relief is based on the nature of the allegations and damages sought when compared to state law. *See In re Carter*, 618 F.2d 1093 (5th Cir. 1980) (noting in decision reversing district court's remand order that "the accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law" and that "the substance of the complaint" controls the analysis, "not the labels used in it."). In short, the complaint cannot be reconciled with what state law permits. Take, for example, the allegations of assault and battery. See Doc. No. 3. Such allegations are impermissible against a governmental entity like GPD under the Mississippi Tort Claims Act. *See, e.g., L&L Construction Services v. Falgout*, Civil No. 1:18cv146-HSO-JCG (S.D. Miss. 2020) (collecting cases for the proposition that "[b]oth assault and battery constitute 'some form of malice or criminal offense,'" which entitles governmental entities to sovereign immunity"). But they are not necessarily impermissible under Section 1983 if an actionable policy or custom could be proven.

[Brief at 1-2].

As quoted above, defendant relies upon the "artful pleading" doctrine in support of its removal arguments. This is a doctrine which this court associates with shrewd and somewhat unscrupulous plaintiffs' counsel who seek to avoid federal jurisdiction by mis-characterizing the actual nature of their claims. The *pro se* plaintiffs in this case, by contrast, strike this court as being completely lacking in legal knowledge or expertise, and it strongly doubts that the complaint in this case was the product of any devious effort to conceal any federal claims they might have. Indeed, it appears from plaintiffs' response to defendant's motion to dismiss that they lack the legal expertise to prosecute a complex federal § 1983 case, and this is one reason why they might rationally prefer to rely on much simpler state law. This court also reiterates its belief that plaintiffs may simply lack the resources to litigate this case in Oxford and may prefer instead to seek relief in their local courthouse under state law. While it may well be true that the provisions of the Mississippi Tort Claims Act will bar some of the state court relief sought by plaintiffs in this case, this court is not prepared to conclude that state law offers no remedy whatsoever to them. Moreover, this court does not regard it as its proper role to "choose the right court" for plaintiffs when they themselves chose the Circuit Court of Washington County to file their complaint and asserted only state law claims in it.

Once again, the Fifth Circuit has made clear that "a federal court does not have federal question jurisdiction unless a federal question appears **on the face** of the plaintiff's well-pleaded complaint." *Bernhard*, 523 F.3d at 551. (emphasis added). This court emphasizes the words "on the face" since it seems clear that defendants' arguments quoted above represent presumptions and inferences about the intent behind plaintiffs' complaint, rather than citations to actual language in that complaint. True enough, some district courts are more willing to inquire

beyond the actual language of the complaint than others, but, in doing so, they are running a grave risk that any decision regarding the merits of the case will later be vacated for lack of jurisdiction.

In its brief, defendant writes that "[i]f … the court is unconvinced that federal jurisdiction exists, GPD requests that the Court require Plaintiffs to stipulate that they are not seeking relief that would implicate federal court jurisdiction before issuing a remand." [*Id.* at 3]. This court's reading of Fifth Circuit law leaves it with considerable doubt regarding whether such inquiry is proper in federal question jurisdiction cases. Specifically, the Fifth Circuit wrote in a 2007 decision that:

> In most cases, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. Typically, a plaintiff will have brought a state law claim against a diverse party but will not have alleged the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction. *See, e.g., Addo,* 230 F.3d at 761 (looking to a demand letter that established the amount in controversy); *S.W.S. Erectors, Inc.,* 72 F.3d at 494 (looking to deposition testimony that established the amount in controversy). *See also Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1078 (10th Cir. 1999) (looking to deposition testimony that established the amount in controversy). Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (internal quotations omitted). *See also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F.3d 535, 543 (5th Cir. 2005).

*Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007).

The Fifth Circuit in *Eggert* thus noted that inquiries beyond the actual language of the complaint are typically made in diversity, rather than federal question jurisdiction, cases. Consistent with this observation, defendant relies upon a diversity jurisdiction case, namely *Eakels v. Allstate Ins. Co.*, 2011 WL 289824 (M.D. La. 2011), in support of its request that this court inquire regarding plaintiff's intent. This court believes that there is considerable doubt

regarding whether an extrinsic inquiry into the plaintiff's intent is *ever* appropriate in federal question cases, and it seems particularly problematic to conduct this inquiry after, rather than before, removal.[1]  Such a practice allows a defendant to "remove first and ask questions later" and thus tends to erode the policy considerations behind the well-pleaded complaint rule.

It appears to this court that the best course of action for litigants in defendant's position is set forth in the federal removal statute, which provides that:

> Except as provided [in the subsection regarding removal based on diversity of citizenship], if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an **amended pleading**, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Thus, § 1446(b)(3) provides that a case which, like this one, is not initially removable, may be removed within thirty days of the filing of, *inter alia*, an "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."  Other federal courts have held that an amended complaint which asserts federal claims for the first time may trigger the renewed 30-day removal period in § 1446(b)(3), *see Est. of Davis v. DeKalb Cnty.*, 952 F. Supp. 2d 1369, 1373 (N.D. Ga. 2013), and this appears to be a way for defendants to assert their right to remove federal claims in a manner which may be harmonized with the well-pleaded complaint rule.  In so stating, this court submits that, if plaintiffs wish to recover under any federal cause of action in this case, whether it be in state or federal court, then they will eventually have to file an amended complaint seeking such relief. Moreover, there is no "statute of limitations" for removing a case on the basis of federal question

---

[1] In so stating, this court does not mean to indicate that such would be proper before removal either, since there appears to be considerable doubt in this regard.

jurisdiction, comparable to the one-year limitations period applicable in diversity cases. *See* 28 U.S.C. § 1446(b)(3).

Nothing in this court's order today is intended to preclude defendant from removing this case a second time if plaintiffs should file an amended complaint in state court which asserts a federal claim. Moreover, barring the filing of such an amended complaint, defendant would appear to be well within its rights in seeking a ruling from the state court dismissing any hypothetical federal claims as outside the scope of the complaint. In any event, nothing on the face of plaintiffs' complaint indicates that they are seeking relief under federal law, and this court accordingly concludes that the well-pleaded complaint rule requires that this case be remanded.

It is therefore ordered that this case is remanded to the Circuit Court of Washington County.

This, the 31st day of October, 2023.


/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI